UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, Jr., and<br>RICHARD W. GATES III,<br><br>Defendants. | Crim. No. 17-201 (ABJ) |

### POST-INDICTMENT RESTRAINING ORDER

THIS MATTER is before the Court upon the United States of America's *Ex Parte* Motion for Post-Indictment Restraining Order ("Restraining Order") to preserve the availability of certain property identified for forfeiture in the Indictment, pursuant to Title 21, United States Code, Section 853(e)(1)(A). The Court having reviewed the motion, and being otherwise fully advised in the premises, finds that:

1. The Indictment in the above-captioned matter, returned on October 27, 2017, charges Defendants PAUL J. MANAFORT, JR. and RICHARD W. GATES III, (the "Defendants") with conspiracy against the United States in violation of 18 U.S.C. § 371; conspiracy to launder money in violation of 18 U.S.C. § 1956(h); offenses in violation of the foreign bank account reporting (FBAR) requirements; 31 U.S.C. §§ 5314 and 5322(b); acting as unregistered agents of a foreign principal, in violation of the Foreign Agents Registration Act (FARA), 22 U.S.C. §§ 612 and 618; making false and misleading statements in documents furnished to the Attorney General under FARA, in violation of 22 U.S.C. § 618(a)(2); and making material false statements to the government, in violation of 18 U.S.C. § 1001(a); and aiding and

1

abetting, 18 U.S.C. § 2.

2.      The Indictment also placed Defendants on notice that, if convicted, the United States would pursue forfeiture, including (but not limited to) certain specific assets identified in the Indictment.  The Indictment further contained a probable cause finding that Northwestern Mutual Life Insurance Policy 18268327 (the "Subject Property") is subject to forfeiture upon conviction.

3.      The United States is entitled to the Restraining Order pursuant to 21 U.S.C. § 853(e)(1)(A) based on probable cause of the charged offenses found by the Grand Jury, as evidenced in the Indictment, together with the finding of probable cause that the Subject Property is subject to forfeiture upon conviction.

4.      The United States seeks the Restraining Order to prevent the transfer, alienation, encumbrance or dissipation of property by any of the Defendants or any third party which would render said property unavailable for forfeiture;

5.      The submission of the motion is appropriate and supported by statutory authority and case law;

6.      Thus, the charging of Defendants PAUL J. MANAFORT, JR. and RICHARD W. GATES III by Indictment, together with the probable cause finding with respect to the forfeitability of the Subject Property, establishes sufficient probable cause for the issuance of the requested Restraining Order for the Subject Property.

7.      The Court has authority and jurisdiction to issue the Restraining Order pursuant to 21 U.S.C. § 853(e)(1)(A), made applicable to these proceedings by 28 U.S.C. § 2461(c); and

8.      Any third party claims to the Subject Property may be properly brought and

resolved in ancillary proceedings conducted by the Court in accordance with the provisions of federal forfeiture law.

Based on the foregoing and for good cause shown, the motion for entry of a Restraining Order is **GRANTED**.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

Effective immediately, each of the Defendants, their agents, servants, employees, attorneys, family members and those persons in active concert or participation with each of them, and those persons, financial institutions, or other entities who have any interest or control over the Subject Asset are hereby RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of the Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of the Subject Property, including but not limited to withdrawing, transferring, selling, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, of the Subject Property;

Any financial or other institutions holding with an interest in or control over the Subject Property shall respond promptly to requests by the Government for information on said property's current status.  The financial institutions on which a copy of this Order is served shall immediately inform the government of the value of the Subject Property on the date of service and thereafter, and shall provide the government with other information which may become necessary for the resolution of any issues as to this restraint.

Accordingly, pursuant to 21 U.S.C. § 853(e)(1)(A), it is hereby ORDERED that the Restraining Order shall remain in full force and effect until further order of the Court.

**ORDERED** this _____ day of _____, 2017.

_____
THE HONORABLE AMY BERMAN JACKSON
UNITED STATES DISTRICT JUDGE