UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
 * * * * * * * * * * * * * * *
UNITED STATES OF AMERICA,        ) Criminal Action No.
                                 ) 17-201
vs.                              )
                                 ) 1:48 p.m.
PAUL JOHN MANAFORT, JR. and      ) October 30, 2017
RICHARD W. GATES, III,           ) Washington, D.C.
            Defendants.          )
 * * * * * * * * * * * * * * *
```

**TRANSCRIPT OF ARRAIGNMENT**
**BEFORE THE HONORABLE DEBORAH A. ROBINSON,**
**UNITED STATES DISTRICT COURT MAGISTRATE JUDGE**

**APPEARANCES:**

FOR THE GOVERNMENT:     GREG D. ANDRES,
                        Senior Assistant Special Counsel
                        ANDREW WEISSMANN
                        SCOTT MEISLER
                        U.S. Department of Justice
                        Special Counsel's office
                        950 Pennsylvania Avenue NW
                        Washington, D.C.  20530
                        202-514-1746

FOR DEFENDANT MANAFORT:  KEVIN DOWNING
                         THOMAS EDWARD ZEHNLE
                         Miller & Chevalier, Chartered
                         900 Sixteenth Street, NW
                         Washington, DC 20006
                         (202) 626-5800
                         Email: Tzehnle@milchev.com

FOR DEFENDANT GATES:     DAVID WALKER BOS
                         Federal Public Defender for the
                         District of Columbia
                         625 Indiana Avenue, NW, Suite 550
                         Washington, DC 20004
                         (202) 208-7500
                         Email: David_bos@fd.org

Pretrial Officer:        Saul Atencio
Court Reporter:          Elizabeth Saint-Loth, RPR, FCRR
                         Official Court Reporter
                         202-354-3242

Proceedings reported by machine shorthand, transcript
produced by computer-aided transcription.

**P R O C E E D I N G S**

1

THE DEPUTY:  This is criminal case year 2017-201,

United States of America versus Paul J. Manafort, Jr.,

Defendant No. 1, and Richard D. Gates [sic], III, Defendant

No. 2.

Andrew Weissmann and Greg Andres for the

Government; Kevin Downing and Thomas Zehnle representing

Defendant No. 1, Mr. Manafort; David Bos representing

Defendant No. 2, Mr. Gates for this proceeding only.

Pretrial officer is Saul Atencio.

This is an initial appearance, return on arrest

warrant, and arraignment.

Mr. Manafort, Jr., and Mr. Gates, III, please

raise your right hand.

Do you each solemnly swear that you will well and

truly answer all questions propounded to you, so help you

God?

DEFENDANT MANAFORT:  Yes, I do.

DEFENDANT GATES:  I do.

THE DEPUTY:  Please remain standing.

THE COURT:  Now, will you each please state your

full name for the record.

DEFENDANT MANAFORT:  Paul John Manafort.

THE COURT:  Thank you.  You may be seated.

DEFENDANT GATES:  Richard William Gates, III.

1          THE COURT:  Thank you.  You may also be seated.

2          This matter is here for the purpose of an initial

3     appearance and an arraignment.  You are each advised that

4     you are not required to make any statement concerning the

5     charges in the Indictment and that any statement you make

6     may be used against you.  You are each advised that you have

7     the right to the assistance of counsel.

8          Mr. Manafort, the Court is aware that counsel has

9     entered an appearance on your behalf, Mr. Downing and

10    Mr. Zehnle.

11         MR. ZEHNLE:  Zehnle, Your Honor.

12         THE COURT:  Zehnle.  Excuse me.

13         Mr. Gates.  I will ask Mr. Bos to address the

14    status of your counsel.

15         Mr. Bos, as of this time, the Court has no

16    indication that counsel has entered an appearance on your

17    behalf.  Mr. Bos, will you address that, please.

18         MR. BOS:  Yes, Your Honor.

19         Prior to the Court taking the bench, I had a

20    chance to speak with Mr. Gates.  He does intend to hire

21    private counsel, but he does not have private counsel here

22    today.

23         I seek leave of the Court to appear for today's

24    proceeding.  It is my understanding that we will just be

25    doing the arraignment and also setting conditions of

1    release.

2              We are prepared to go forward with the

3    arraignment.  I do need a little bit of time to discuss a

4    release proposal with Mr. Gates before we go any further.

5              THE COURT:  Mr. Bos, the Court, of course, will

6    permit you to appear for purposes of today's proceeding

7    only.  However, if your appearance extends beyond today's

8    proceeding, then the Court will obviously require the

9    customary financial affidavit.  And, indeed, it may be the

10   case that, absent a showing of eligibility for

11   representation by the Federal Public Defender, that the

12   Court would contemplate reimbursement of cost for today's

13   proceeding.

14             MR. BOS:  Very well, Your Honor.

15             THE COURT:  Very well.  Thank you very much,

16   Mr. Bos.

17             Now, Mr. Downing or Mr. Zehnle, are you prepared

18   to proceed with the arraignment?

19             MR. DOWNING:  We are, Your Honor.

20             THE COURT:  Very well.

21             You are, Mr. Downing.

22             I will ask you to come to the podium, please.

23             Good afternoon.

24             MR. DOWNING:  Good afternoon, Your Honor.

25             THE COURT:  Mr. Downing, did you receive a copy of

1    the Indictment?

2                MR. DOWNING:  I did.

3                THE COURT:  And on behalf of Mr. Manafort, do you

4    waive formal reading of the Indictment?

5                MR. DOWNING:  I do.

6                THE COURT:  And with respect to a plea?

7                MR. DOWNING:  There is no plea, Your Honor.

8                The plea is not guilty.

9                THE COURT:  That was my question, is there a plea

10   to be entered?

11               And the plea is not guilty?

12               MR. DOWNING:  Not guilty, yes, Your Honor.

13               THE COURT:  To all of the charges?

14               MR. DOWNING:  To all of the charges.

15               THE COURT:  Very well.  Thank you very much,

16   Mr. Downing.

17               MR. DOWNING:  Thank you, Your Honor.

18               THE COURT:  A plea of not guilty will be entered.

19               MR. DOWNING:  Thank you.

20               THE COURT:  Thank you.  You may have a seat.

21               Mr. Bos.

22               Good afternoon.  Mr. Bos, did you receive a copy

23   of the Indictment?

24               MR. BOS:  Yes, we have, Your Honor.

25               THE COURT:  And on behalf of Mr. Gates, do you

1    waive formal reading?

2              MR. BOS:  Yes, we do, Your Honor.

3              THE COURT:  And with respect to a plea?

4              MR. BOS:  Your Honor, on behalf of Mr. Gates, we

5    would enter a plea of not guilty to each count in the

6    Indictment.  And we would also assert Mr. Gates' rights

7    pursuant to the Fourth, Fifth, and Sixth Amendments, and

8    also the Speedy Trial Act.

9              THE COURT:  Thank you very much, Mr. Bos.

10             The plea of not guilty will be entered, and your

11   other requests on behalf of Mr. Gates are noted.

12             Counsel, you are aware that this matter is on the

13   calendar of U.S. District Judge Amy Berman-Jackson.

14   Judge Jackson has proposed the following dates and times for

15   a status hearing before her:  Thursday, November 2nd at

16   9:30 a.m., 10:00 a.m. or 2 p.m.; alternatively, Friday,

17   November 3rd at 9:30 a.m. or 10 a.m.

18             I will ask you to take a moment and confer,

19   please, and select one of those dates and times.

20             (Proceeding pauses while counsel confer.)

21             MR. DOWNING:  Your Honor, I believe the Thursday

22   date works, and the afternoon time of two o'clock.

23             THE COURT:  Very well.  Thank you very much,

24   Mr. Downing.

25             Everyone is in agreement then that the status

1     hearing will be conducted on Thursday, November 2nd at

2     2 p.m., and that will be before the assigned U.S. District

3     Judge.

4               Now, Mr. Weissmann or Mr. Andres, does the United

5     States wish to be heard with regard to conditions of release

6     for Mr. Manafort and Mr. Gates?

7               I will ask you to address one individual at a

8     time, please.

9               MR. ANDRES:  Good afternoon, Your Honor.

10              THE COURT:  Good afternoon.

11              MR. ANDRES:  Greg Andres for the Special Counsel's

12    Office.

13              Your Honor, the Government takes the position that

14    the defendant Paul Manafort constitutes a risk of flight.

15    However, we believe that, with the appropriate bail package

16    and conditions, he can be released on bail.

17              Our bases for arguing risk of flight have to do

18    with the nature of the charges and the seriousness.

19    Mr. Manafort's estimated guidelines from the money

20    laundering count alone is between 151 and 181 months of

21    imprisonment.

22              Additionally, in light of the weight of the

23    evidence as outlined in the Indictment, Mr. Manafort's

24    significant ties abroad -- we believe he constitutes a risk

25    of flight.  And, again, we have had a chance to discuss some

1    conditions with Mr. Downing in terms of the possibility of

2    release.

3           With respect to Mr. Gates, the Government also

4    takes the position that Mr. Gates constitutes a risk of

5    flight in light of the charges in the Indictment.  The

6    estimated guidelines for Mr. Gates are between 121 and 151

7    month's imprisonment.  Those charges, too, are serious.

8    There is substantial evidence with respect to those charges,

9    as outlined in the Indictment.  And Mr. Gates as well has

10   had significant ties abroad over time.

11          One issue, Judge.  With respect to both

12   defendants, the Special Counsel's office, through our

13   investigation, has had a difficult time ascertaining the

14   assets of each defendant; that is based on various financial

15   filings that each has made.  Their representations with

16   respect to their net worth has varied significantly.

17          For example, Mr. Manafort, in loan documents and

18   other documents, has repeatedly identified his net assets

19   from anywhere between $20 million and $100 million.

20   Similarly, Mr. Gates has identified his net assets in the

21   range of $30 million to $2 million.

22          So in order to come to some resolution as to what

23   an appropriate bail amount would be, we need some better

24   understanding of what their financial positions are.

25          THE COURT:  May I ask you to articulate, please,

1    what the Government's request is?

2            MR. ANDRES:  Specifically, Judge, so that the

3    defendants have the opportunity to put together a

4    substantial bail package, the Government does not oppose

5    either defendant being released on home arrest or house

6    detention so that they may contact sureties, so that their

7    counsel may inquire about their financial worth, and so that

8    they may come back to Court to -- so that the parties can

9    agree, hopefully, on a bail package that's appropriate.

10           I think a lot of that work would be difficult to

11   accomplish today.  So as a result of that, the Government

12   doesn't oppose release -- basically, temporary release on

13   home detention, with various reporting requirements, so that

14   we can come to an understanding of the necessary factors

15   relevant for the bail.

16           THE COURT:  What are the reporting requirements

17   that you request?

18           MR. ANDRES:  Judge, we would require -- we haven't

19   had a chance to speak to pretrial services, but some level

20   of reporting to pretrial services, perhaps on a daily basis,

21   until such time as we're able to have a better

22   understanding.  Obviously, the defendants would be allowed

23   to leave their homes to see their attorneys or for other

24   medical emergencies.

25           THE COURT:  In other words, at this time the

1    Government does not move for a detention hearing and asks

2    that, as a condition of release, the Court order

3    Mr. Manafort and Mr. Gates to comply with the conditions of

4    home confinement?

5            MR. ANDRES:  That is correct.  And, again, just to

6    be clear --

7            THE COURT:  And you also wish daily reporting to

8    pretrial services?

9            MR. ANDRES:  Yes.

10           As to the first condition, Judge, we have had a

11   chance to speak to both of the defense counsel; and I

12   believe they'll be in agreement.  Obviously, they can speak

13   for themselves.

14           We haven't had a chance yet to discuss each of the

15   conditions as it relates to the reporting and otherwise.

16           THE COURT:  May I ask you to proffer the

17   Government's request, please.

18           The Court expects to set, as it must, set the

19   conditions of release -- since the Government has not moved

20   for a detention hearing, I must set conditions of release

21   this afternoon.

22           MR. ANDRES:  Understood, Your Honor.

23           The Government requests that the defendants be

24   placed on home detention with daily reporting.  And again,

25   as I mentioned, that they be permitted to -- upon notice to

1   pretrial services, be permitted to see their attorneys when

2   they request and, also, any medical emergencies or other

3   reasons that they might request to leave their homes.

4          THE COURT:  It appears that the pretrial services

5   agency has proposed as a condition that all passports be

6   surrendered to pretrial services.  May I assume that is a

7   condition that -- as to which you wish to be heard?

8          MR. ANDRES:  Yes, Your Honor.  The Government

9   agrees with that condition.

10          THE COURT:  May I ask you to articulate, so that

11   the record is clear, what your request is concerning a

12   financial condition?  These are, of course, nonfinancial

13   conditions.

14          Is the financial condition a matter that you wish

15   to address in greater detail at the time of the status

16   hearing before Judge Jackson?

17          MR. ANDRES:  Judge, presently, the Government

18   would ask that the bail bond for Mr. Manafort be set in the

19   amount of $10 million, again, subject to Mr. Manafort coming

20   back and having the opportunity to speak to his lawyer and

21   to propose an alternative.

22          With respect to Mr. Gates, we would propose a bail

23   package of $5 million.

24          THE COURT:  Is your request for a surety bond in

25   those amounts, or some other form of condition?

1          MR. ANDRES:  Not presently, Judge.

2          THE COURT:  Does that mean -- and, by that, do you

3    mean an unsecured appearance bond?

4          MR. ANDRES:  An unsecured appearance bond subject

5    to home detention.

6          Again, we anticipate that the parties will have

7    the opportunity to discuss an alternative to that should

8    they come up with appropriate sureties.

9          THE COURT:  Very well.  Thank you very much,

10   Mr. Andres.

11         MR. ANDRES:  Thank you, Judge.

12         THE COURT:  Mr. Downing, I will hear from you

13   next.

14         MR. DOWNING:  Thank you.

15         THE COURT:  Do you wish to be heard with regard to

16   the proposed conditions of release?

17         MR. DOWNING:  Yes, Your Honor.

18         I guess I will save the Court the first part, that

19   we definitely disagree with the strength of the Indictment

20   or issues with changes in fair market value of assets that

21   fluctuate greatly in varied economies; so we don't agree

22   with that.  However, we do welcome the opportunity to work

23   with the United States Government on putting together a bail

24   package.

25         We do accept the home confinement conditions and

1   the daily check-in.  And we intend to revisit this issue

2   with the Government over the next few days; and that our

3   appearance for the status conference with the judge assigned

4   to this case should be a time at which we should be able to

5   have the appropriate agreements in place with the United

6   States Government.

7          THE COURT:  Very well.  Thank you very much,

8   Mr. Downing.

9          Mr. Downing, I'm sorry.  You did not address

10  passports.

11         MR. DOWNING:  The passports have been in the

12  possession of the Federal Bureau of Investigation since

13  yesterday morning.

14         THE COURT:  Very well.  Thank you very much,

15  Mr. Downing.

16         MR. DOWNING:  Thank you.

17         THE COURT:  Mr. Bos.

18         MR. BOS:  Your Honor, as I noted earlier, we were

19  prepared to go forward with the arraignment today.  But

20  there is one outstanding issue concerning the conditions of

21  release.  And that is that -- because Mr. Gates does not

22  live in Washington, D.C., we're going to need the assistance

23  of the pretrial services agency from Eastern District of

24  Virginia to make sure they can provide supervision for the

25  pretrial services here.

1          I have not had a chance to confirm with our

2     pretrial services representative that that has in fact been

3     done.  So that was the one issue that I thought we may need

4     a brief pass to make sure that gets addressed.

5          THE COURT:  Very well.  Thank you very much,

6     Mr. Bos.

7          MR. BOS:  But, otherwise, no other objections to

8     the release conditions.

9          THE COURT:  May I ask you to address the status of

10     Mr. Gates' passport.

11          MR. BOS:  Yes.  It is in the possession of the

12     Government.  It was turned in yesterday.

13          THE COURT:  Thank you very much, Mr. Bos.

14          Mr. Atencio, may we rely upon you, please, to

15     address the issue of courtesy supervision by the Eastern

16     District of Virginia as to Mr. Gates.

17          PROBATION OFFICER:  Good afternoon, Your Honor.

18          Saul Atencio of pretrial services.

19          Yes, Your Honor.

20          In reference to Mr. Gates, the Government is

21     asking that Mr. Gates be placed on home confinement.  We

22     would ask that we reach out to our partners at the Eastern

23     District of Virginia.  I am not sure.  The District, Your

24     Honor, may be incorrect, but -- Mr. Gates resides in

25     Richmond, Virginia.  So I will reach out to the nearest --

1    closest pretrial services office there to see if they can

2    accommodate the Court with placing Mr. Gates on home

3    confinement, electronic monitoring.

4            We would ask, I guess, a quick pass from the Court

5    so we can at least speak to them and inform them of the

6    case.

7            THE COURT:  Very well.  Thank you very much,

8    Mr. Atencio.

9            Do you wish that brief pass now before we

10   continue?

11           PROBATION OFFICER:  Yes, Your Honor.

12           THE COURT:  Very well.

13           PROBATION OFFICER:  One other matter, Your Honor,

14   for the record.

15           THE COURT:  Yes.

16           PROBATION OFFICER:  In reference to Mr. Manafort,

17   I just want to make sure that the Government is requesting

18   home confinement as well for Mr. Manafort.  That would also

19   entail us to verify Mr. Manafort's address here in Northern

20   Virginia.  We would also place him on pretrial services'

21   High Intensity Supervision Program.  So we just wanted to

22   also briefly pass to verify his address.

23           THE COURT:  Very well.  Is that something that has

24   not yet been accomplished then, Mr. Atencio?

25           PROBATION OFFICER:  Yes, Your Honor.

1          THE COURT:  Very well.  Thank you very much for

2     bringing that to the Court's attention, Mr. Atencio.

3          That means that at this time we will take a brief

4     recess so that the Court can ensure that we have complete

5     information for purposes of the release orders.

6          PROBATION OFFICER:  Thank you, Your Honor.

7          THE COURT:  Thank you, Mr. Atencio.

8          In the meantime, Mr. Manafort and Mr. Gates,

9     please return with the marshal.  And we'll take a brief

10     recess until pretrial services is ready.

11          (Whereupon, the defendants were excused, 2:05 p.m.)

12          THE COURT:  Very well.  We will take a brief

13     recess.  You may all be seated.

14          (Whereupon, a recess was taken until 2:42 p.m.)

15          THE DEPUTY:  We are now back on the record.

16          THE COURT:  Thank you.

17          Mr. Atencio, we will hear from you next.

18          Mr. Atencio, thank you.

19          Were you able to determine whether the pretrial

20     services in the Eastern District of Virginia will be able to

21     provide this Court with courtesy supervision?

22          PROBATION OFFICER:  Yes, Your Honor.

23          I was able to speak to a representative from the

24     pretrial office in the Eastern District of Virginia.  They

25     indicated to me that Mr. Gates should report to their office

1    tomorrow afternoon at 12.  And I will also give Mr. Gates a

2    copy of their address so he can be there.

3              THE COURT:  Thank you so much, Mr. Atencio.

4              Mr. Atencio, when you complete the release order,

5    will you include that instruction on it?

6              PROBATION OFFICER:  Yes, Your Honor.

7              THE COURT:  Thank you so much, Mr. Atencio.

8              Mr. Atencio, as to Mr. Manafort, will courtesy

9    supervision be provided by the Eastern District, or will

10   your office do so?

11             PROBATION OFFICER:  Our office will monitor

12   Mr. Manafort's supervision, Your Honor.  I have spoken with

13   his attorney, who verified Mr. Manafort's address; so he

14   will be monitored here through the pretrial services agency.

15             THE COURT:  Thank you so much, Mr. Atencio.

16             PROBATION OFFICER:  Thank you, Your Honor.

17             THE COURT:  Now, counsel, is there anything

18   further regarding conditions of release?

19             Mr. Andres.

20             MR. ANDRES:  No, Judge.  Thank you.

21             THE COURT:  Thank you, Mr. Andres.

22             Mr. Downing, is there anything further regarding

23   release conditions on behalf of Mr. Manafort?

24             MR. DOWNING:  No, Your Honor.

25             THE COURT:  Thank you, Mr. Downing.

1          Mr. Bos.

2          MR. BOS:  No, Your Honor.  But I do want to make

3     sure the record is clear.  It is our understanding that we

4     will be revisiting this on Thursday.  But other than that,

5     no other observations.

6          THE COURT:  Mr. Bos, just so the record is clear,

7     may I ask whether your reference to revisiting some aspect

8     of the release order on Thursday concerns the financial

9     condition or the nonfinancial condition?

10          MR. BOS:  The nonfinancial conditions, Your Honor.

11          THE COURT:  Is there a matter you wish to address

12     today regarding the nonfinancial conditions?

13          MR. BOS:  No, Your Honor.

14          THE COURT:  Very well.  Thank you very much,

15     Mr. Bos.

16          Mr. Manafort.  Sir, at this time, the Court will

17     release you on the condition that you comply with all of the

18     requirements of the home confinement program.

19          The conditions will be explained to you by a

20     pretrial services representative when you report for

21     orientation as directed by pretrial services.

22          You will be permitted to leave your residence to

23     meet with counsel, to appear in court when required, for

24     medical appointments, and for religious observances.  Other

25     than that, you are confined to your home.

1          You must report to pretrial services daily by

2     telephone by calling the number which appears on the release

3     order.

4          You are to have no passport in your possession nor

5     make any application for a passport while this case is

6     pending.

7          When you leave court today, you must report to the

8     marshal service office on the lower level of the courthouse

9     to complete the process known as "booking."

10         Your final condition, sir, is that you return to

11    Court whenever your appearance in court is required.  Your

12    next scheduled court appearance is Thursday, November 2nd at

13    2 p.m. in the courtroom of Judge Amy Berman-Jackson, the

14    U.S. District Judge assigned to this case.

15         You are advised that your willful failure to

16    appear for that hearing, or for any other hearing at which

17    your appearance is required, will be a separate offense for

18    which you could face an additional period of incarceration

19    or a fine or both.

20         Do you understand, sir?

21    DEFENDANT MANAFORT:  I do.

22    THE COURT:  In addition, the Court will add as a

23    condition of release an unsecured appearance bond in the

24    amount of $10 million.

25         You may have a seat until the release order has

1    been completed.

2              Mr. Atencio.

3              PROBATION OFFICER:  Yes, Your Honor.

4              Just one question.  The Court would like

5    Mr. Manafort to report daily by telephone?

6              THE COURT:  Yes.  Until further order.

7              PROBATION OFFICER:  Yes, Your Honor.

8              (Proceeding pauses.)

9              THE DEPUTY:  Mr. Manafort, please stand and raise

10   your right hand.

11             Do you solemnly swear to follow the conditions of

12   release as set forth by the Court, so help you God?

13             DEFENDANT MANAFORT:  I do.

14             THE DEPUTY:  Do you acknowledge yourself indebted

15   to the United States in the sum of $10 million, conditions

16   upon your appearance before this Court when required, so

17   help you God?

18             DEFENDANT MANAFORT:  I do.

19             THE DEPUTY:  Please be seated.

20             THE COURT:  Thank you.

21             Now, Mr. Gates.  Sir, the Court will release you

22   on the home confinement condition.

23             You will be supervised by federal pretrial

24   services in the Eastern District of Virginia.  You must

25   report to pretrial services in that district as directed by

1    the pretrial services representative in Court this afternoon

2    and comply with the instructions there.

3         The Court will permit you to leave your residence

4    for the limited purposes of meeting with counsel, appearing

5    in Court when required, medical appointments or other

6    medical needs, and religious observances.

7         You are to report to pretrial services daily by

8    telephone, unless directed by the pretrial services in the

9    Eastern District of Virginia to report in some other

10   fashion.

11        You are ordered that you may have no passport in

12   your possession or make application for a passport while

13   this case is pending.

14        When you leave court today, you must report

15   immediately to the marshal service office on the lower level

16   of the courthouse to complete the marshal service

17   processing.

18        Finally, sir, the Court will add as a condition an

19   unsecured appearance bond in the amount of $5 million.

20        Your final condition is, of course, that you

21   return to court when your appearance in court is required.

22   Your next scheduled court appearance is Thursday,

23   November 2nd at 2 p.m. in the courtroom of Judge Amy

24   Berman-Jackson, the U.S. District Judge assigned to your

25   case.

1              You are advised that your willful failure to

2      appear for that hearing or at any other time your appearance

3      in court is required will be a separate offense for which

4      you can face an additional period of incarceration or a

5      fine, or both.  Do you understand, sir?

6              DEFENDANT GATES:  I do, Your Honor.

7              THE COURT:  Thank you.  You may have a seat.

8              (Proceeding briefly pauses.)

9              THE DEPUTY:  Mr. Gates, please stand and raise

10     your right hand.

11             Do you solemnly swear to follow the conditions of

12     your release as set forth by the Court, so help you God?

13             DEFENDANT GATES:  I do.

14             THE DEPUTY:  Do you acknowledge yourself indebted

15     to the United States in the sum of $5 million, conditions

16     upon your appearance before this Court when required, so

17     help you God?

18             DEFENDANT GATES:  I do.

19             THE DEPUTY:  Please be seated.

20             THE COURT:  Mr. Bos, may we ask you to return

21     briefly, please, to the podium?  Thank you.

22             MR. BOS:  Yes, Your Honor.

23             THE COURT:  Thank you, Mr. Bos.

24             Mr. Bos, may I ask whether during the recess you

25     received any indication concerning when retained counsel

1    will enter an appearance?

2         MR. BOS:  Your Honor, I'm guessing that will be by

3    Thursday, but I don't want to make any further

4    representations at that point.

5         I will make sure that I am here and available on

6    Thursday if it turns out retained counsel has not entered

7    his appearance at that point.

8         THE COURT:  Because the Court has no basis upon

9    which to conclude that Mr. Gates is eligible for appointed

10   counsel, it may be the case that the assigned district judge

11   will expect some demonstration of the status -- with respect

12   to the status of retained counsel.

13        While the Court certainly appreciates your

14   willingness to assist this afternoon on short notice, we

15   have no reason to believe that your appearance would be for

16   any matter other than this afternoon's proceeding.  And

17   indeed, as I suggested at the outset, absent some further

18   showing, which may be moot at a later time before the

19   assigned district judge, it will be the expectation of the

20   Court that Mr. Gates would reimburse the Public Defender for

21   its cost, since Mr. Gates -- based on what has been

22   proffered by counsel for the Government -- is not eligible

23   for appointed counsel.

24        MR. BOS:  That's fine, Your Honor.

25        My anticipation was I will just wait until he's

1    released from the marshal service.  If there are additional

2    things that we need to take care of, we will do so at that

3    time, concerning the financial affidavit.  I just can't make

4    a representation at this point.

5                THE COURT:  The Court has not asked you to.  I

6    have simply noted that it does not appear, based on what has

7    been stated in open court thus far, that your appearance

8    could be entered prospectively.  And, again, the Court

9    thanks you for your willingness to assist this afternoon.

10               MR. BOS:  Very well, Your Honor.

11               THE COURT:  Now, is there anything further with

12   respect to this matter at this time, Mr. Andres?

13               Is there anything further on behalf of the Special

14   Counsel?

15               MR. ANDRES:  No, Judge.  Thank you.

16               THE COURT:  Thank you, Mr. Andres.

17               Mr. Downing, is there anything further on behalf

18   of Mr. Manafort?

19               MR. DOWNING:  Nothing further.

20               THE COURT:  Thank you, Mr. Downing.

21               MR. DOWNING:  Thank you, Your Honor.

22               THE COURT:  Mr. Bos, is there anything further on

23   behalf of Mr. Gates?

24               MR. BOS:  No, Your Honor.

25               THE COURT:  Thank you.

1          Mr. Manafort and Mr. Gates, please return with the

2    marshals.

3          Counsel, you may be excused.

4          MR. ANDRES:   Thank you, Judge.

5          THE COURT:   Thank you.

6          (Whereupon, the proceeding concludes, 3:03 p.m.)

7                        *  *  *  *  *

8                        **CERTIFICATE**

9

10         I, ELIZABETH SAINT-LOTH, RPR, FCRR, do hereby

11   certify that the foregoing constitutes a true and accurate

12   transcript of my stenographic notes, and is a full, true,

13   and complete transcript of the proceedings to the best of my

14   ability.

15

16

17     Dated this 30th day of October, 2017.

18

19     /s/ Elizabeth Saint-Loth, RPR, FCRR
       Official Court Reporter
20

21

22

23

24

25