UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, Jr., and<br>RICHARD W. GATES III,<br><br>Defendants. | Crim. No. 17-201 (ABJ) |

**EX PARTE RESPONSE TO COURT'S ORDER**

The United States of America, by and through Special Counsel Robert S. Mueller III, respectfully submits this filing in response to the Court's *Ex Parte* Order of November 2, 2017. On that date, the government filed an *Ex Parte* Motion for Post-Indictment Restraining Order ("Motion") to restrain defendants from selling, encumbering, or otherwise affecting the value or availability of a universal life insurance policy, which was identified in the Indictment as subject to forfeiture by defendant Paul Manafort upon his conviction. The government styled its Motion as an *ex parte* filing, in order to secure prompt preservation of the status quo. As explained in that Motion, once an indictment has been returned identifying property subject to forfeiture, a court may order restraint of such property on an *ex parte* basis pursuant to 21 U.S.C. § 853(e).[1] *See* Mot. at 5; *see also U.S. v. E-Gold, Ltd.*, 521 F.3d 411, 417 (D.C. Cir. 2008) ("notice and a hearing need not occur before an ex parte restraining order is entered" (internal quotation marks and citation omitted)), abrogated on other grounds by *Kaley v. United States*, 134 S.Ct. 1090 (2014).

---

[1] In contrast, 21 U.S.C. § 853(e) requires "notice to persons appearing to have an interest in the property and opportunity for a hearing" where a restraint is sought prior to the filing of an indictment or information, unless the government demonstrates, *inter alia*, that the provision of notice will jeopardize the availability of the property for forfeiture.

Counsel for the government has conferred with counsel for Manafort, who has represented that his client will not take any steps, or cause anyone else to take any steps, to encumber, transfer, dissipate, or otherwise affect the value or availability of the asset, pending disposition of the government's Motion.  In light of that representation, the government does not object to the defendant's being afforded an opportunity to respond to the Motion before it is taken under consideration.  The government would respectfully request an opportunity to reply to any such response.

Dated:   November 3, 2017                        Respectfully submitted,

ROBERT S. MUELLER III
Special Counsel

  /s/  Kyle R. Freeny
Andrew Weissmann
Greg D. Andres
Kyle R. Freeny
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 616-0800