UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, Jr., and<br>RICHARD W. GATES III,<br><br>**Defendants** | Crim. No. 17-201-2 (ABJ) |

### GOVERNMENT'S MEMORANDUM IN OPPOSITION
### TO DEFENDANT GATES'S MOTION TO MODIFY RELEASE CONDITIONS

The United States of America, by and through Special Counsel Robert S. Mueller III, submits this memorandum in opposition to defendant Gates's motion to modify his conditions of release. *See* ECF#47.[1] The defendant effectively asks to be released from house arrest every weekday morning (to take his children to school); every weekday afternoon (for after school activities, including for "birthdays and other gatherings with classmates and friends"); on weekends; for holidays (including for Christmas more than a month away); and to allow him to conduct his consulting business. The defendant makes this request without the posting of a single asset or the signature of a single surety. To date, only the defendant's signature secures his bond (together with his house arrest). That alone is not sufficient to warrant the modifications to his release conditions the defendant now seeks, particularly in light of the Court's November 6, 2017 finding that the defendant constitutes a risk of flight.

---

[1] In a telephone call late on the afternoon of November 15, 2017, defense counsel informed the government that they intended to make a bail modification motion and sought the government's position. The government responded that it was not able to take a position until it had the opportunity to review the defendant's motion.

### A. Procedural History

At the bond review hearing in this matter on November 6, 2017, the Court denied the defendant's motion to be released from home detention and concluded that "pursuant to section (b) and (c)(1) [of the Bail Reform Act], merely some personal recognizance upon execution of an unsecured appearance bond will not reasonably assure the appearance of either defendant and that [the Court] must impose additional conditions under subsection (c)(1)(B)."  11/6/2017 Tr. 25. The Court then listed a range of possible conditions that might be acceptable under either an agreed-upon bail package, or a bail package proposed by either defendant. *Id.* at 25-29.  To date, the parties have not reached agreement on a bail package (including appropriate financial conditions), and the defendant has not proposed such a package to the Court.[2]

### B. The Defendant's Bail Package

Although more than two weeks have passed since the defendant's arrest, he has not completed any paperwork to post his house, or any other property, and has failed to answer a series of questions about his assets.  Further, the defendant's request that the Court consider modifications for the Christmas holiday, which is more than a month away, undermines the notion that counsel is diligently working to secure a bail package.  Only yesterday did the defendant offer to arrange interviews of his two proposed non-family-member sureties, both of whom apparently live outside the Washington, D.C. area.[3]  Finally, the government continues to have concerns about the accuracy of the defendant's account of his net assets, which has evolved from the representation

---

[2] On November 6, the Court also denied a request that the defendant Gates, pending resolution of a joint agreement on his bail package, be permitted to attend "family activities or a business meeting domestically." 11/6/2017 Tr. 36-37.

[3] Those interviews are now scheduled for Thursday, November 16, 2017.  Counsel has noted that one proposed surety already serves as a surety for a relative who is currently charged in the United States District Court for the Southern District of New York, a circumstance that, at least at first blush, raises certain concerns.

that he had "limited assets that include only a single home," ECF#21 at 5; to his most recent Personal Financial Statement, which included a securities/brokerage account valued at more than $1.3 million and a total net worth of more than $3.4 million.

* * * * * *

In short, the government opposes the defendant's request to modify his conditions of release. The defendant should perfect his bail package, whether in agreement with the government or presented directly to the Court, and then seek to modify the conditions of his release consistent with the Court's prior rulings. Currently, however, there is no basis or justification for doing so.

Respectfully submitted,

ROBERT S. MUELLER III
Special Counsel

Dated: November 15, 2017        By:    /s/_____
Andrew Weissmann
Greg D. Andres
Kyle R. Freeny
(202) 616-0800