UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| RICHARD W. GATES III, ) | Crim. No. 17-201-2 (ABJ) |
| ) | |
| Defendant. ) | **FILED UNDER SEAL** |

### DEFENDANT RICHARD W. GATES III'S MOTION TO RECONSIDER COURT'S JANUARY 4, 2018, ORDER

Defendant Richard W. Gates III, by and through counsel, hereby moves this Court to reconsider its Sealed Order dated January 4, 2018, ECF # 132, which granted in part and denied in part Mr. Gates's motion to modify his conditions of release ("January 4 Sealed Order").

### I. BACKGROUND

On January 4, 2018, this Court granted Mr. Gates's motion for pretrial release subject to a set of conditions pursuant to the Bail Reform Act, 18 U.S.C. § 3142(c). *See* January 4 Sealed Order, ECF #132, at 2-4; Court's January 4, 2018, Minute Order ("The Court has now granted both defendants' requests to be released from home confinement subject to a set of conditions, including, in particular, the conditions set forth in 18 U.S.C. § 3142(c)(1)(B)(xi) and (xii) that they execute and file with the Court agreements to forfeit certain property if they fail to appear, and that they file agreements executed by the individuals they proposed as sureties who would forfeit the amounts necessary to ensure their appearance.).[1]

---

[1] Mr. Gates is currently working to obtain the necessary agreements from the pledgors and sureties as required by the January 4 Order. This is taking time due to the various governmental agencies, jurisdictions and individuals that are involved and the number of steps that must be taken to properly pledge assets.

In addition to setting forth the combination of conditions under which Mr. Gates will be released, the Court ordered Mr. Gates to notify the Court when all of the necessary documents have been executed and docketed in this case with respect to the pledged assets and surety. See January 4 Sealed Order, ECF # 132, at 3. The Court stated that at that time, it will issue a separate order releasing Mr. Gates from the condition of permanent home confinement in Richmond, Virginia, and that he will be further ordered to comply with ten (10) conditions, to be monitored by the Pretrial Services Agency of the Eastern District of Virginia. The following three conditions, as numbered in the January 4 Order, are relevant to this motion:

> "3. Defendant must remain within the geographic area Richmond, Virginia.
>
> 4. Defendant may travel to and from the District of Columbia for court appearances and for meetings with counsel without seeking permission in advance from the Court, provided that he informs Pretrial Services of the dates of any travel and supplies the agency with his detailed itinerary three business days before any trip.
>
> 5. Defendant must obtain permission of the Court for any other domestic travel, including travel to the District of Columbia for any other purpose. Any motion seeking permission must be filed one week before the proposed trip and must explain why any proposed meeting cannot take place in Richmond or through the use of phone or internet."

January 4 Sealed Order at 4, ECF # 132, at 4.

## II. DISCUSSION

Mr. Gates respectfully requests that the Court reconsider and modify Conditions #3, 4, and 5 in its January 4 Sealed Order on the grounds that clarification and/or modification of those conditions are warranted in order to avoid undue burden on the Court, Pretrial Services and Mr. Gates from unnecessary motions. In addition to the points made below, Mr. Gates asks the Court to consider the fact that he now has a demonstrated history of reliability and full compliance with his conditions of release during this period of being on an unsecured bond. He hopes that the

addition now of significant financial security for his bond will allow the Court to consider modifying its order.

The Court may modify its order for any of the reasons set forth in Rule 60(b) of the Federal Rules of Civil Procedure, which applies by analogy to this criminal case. *See* U.S. v. Colombo, 616 F. Supp. 780 (E.D.N.Y. 1985) (the Court "had the right, as a matter of inherent power, to modify his order for any of the reasons stated in Rule 60(b) of the Federal Rules of Civil Procedure which applies by analogy to federal criminal proceedings. *Cf.* Rule 57(b) of the Rules of Criminal Procedure (if "no procedure is specifically provided" in the Rules of Criminal Procedure, the court may proceed in any lawful manner)).

With respect to Condition 3 of the Order, the current wording requires that Mr. Gates remain in Richmond, Virginia. Mr. Gates is concerned that the wording would not allow him to attend events and activities in neighboring counties because they are outside of Richmond City itself, unless he seeks court permission first. Mr. Gates's children's sporting events are often in neighboring counties, his church is located in an adjacent county, and his in-laws (who watch his children and host family events) reside in an adjacent county. This condition, as worded, would only continue and not "obviate the need for additional motions related to the details of [Mr. Gates's] personal activities." *See* Court's January 4, 2018, Minute Order. As such, Mr. Gates proposes that the wording be changed **from** "Defendant must remain within the geographic area Richmond, Virginia" **to** "Defendant must remain within the geographic area of the Eastern District of Virginia" **or** "Defendant must remain within the geographic area of metro Richmond not to exceed a radius of 30 miles." Mr. Gates submits that this modification would be more workable for not only him but for the Court and Pretrial Services.

Regarding Conditions 4 and 5, which share related concerns, Mr. Gates requests that the Court remove the requirement that he inform Pretrial Services three business days before any trip to the District of Columbia for court appearances and meetings with counsel (Condition 4) and file a motion with the Court one week before any domestic trip, including to the District of Columbia, for any purpose (Condition 5). As discussed below, Mr. Gates also requests that the conditions be modified in order to give him the ability to participate in business meetings in the District of Columbia on the same days that he meets with counsel or attends court hearings without seeking court permission first.

With respect to Condition 4's three business days' notice requirement, Mr. Gates believes this notice requirement will ultimately burden the Court and Pretrial Services with unnecessary motions. Mr. Gates and his counsel would certainly strive to schedule meetings within any conditions that the Court imposes but Mr. Gates is concerned that the condition does not provide adequate flexibility. The current wording would not give Mr. Gates the flexibility and ease with which to meet with counsel as needed and would force him to file emergency motions with the Court when three business days' notice is not possible. Moreover, imposing a three-day notice requirement is a greater restriction than is necessary given that currently Mr. Gates is only required to give two days' notice while he is on an unsecured bond. Now that his bond will be secured and in light of his demonstrated history of reliability, Mr. Gates asks that he simply be allowed to coordinate with Pretrial Services just as he has done to date, which has worked well whenever he has been released from home confinement for limited purposes in this case. Rather than an impractical requirement that Mr. Gates provide three business days' notice to Pretrial Services, which is not even a current requirement, Mr. Gates proposes that Condition 4 be modified to state that he must coordinate with Pretrial Services on their requirements for travel

4

notification prior to taking any trips to the District of Columbia under Condition 4 and, when possible, provide them with at least three business days' notice. Mr. Gates submits that this modification is reasonable, especially given that he will remain under GPS monitoring and Pretrial Services and the Court will know his whereabouts at any given time.

      As for Condition 5, Mr. Gates submits that this condition is unduly burdensome and will severely hamper his ability to earn a livelihood if he has to provide a week's notice for domestic travel for business meetings every week, including to the District of Columbia. This condition in no way advances the Court's objective to obviate weekly motions involving Mr. Gates's personal schedule. Instead, it necessarily will lead to an increased number of motions. Further, Condition 5 along with Condition 4 appear to create unintended consequences. For instance, if Mr. Gates's counsel schedules a meeting with 3 business days' notice but less than a week's notice, under Conditions 4 and 5, Mr. Gates would not be able to schedule a business meeting in the District of Columbia on the same day that he meets with counsel. He would have to file a motion with the Court seeking permission to do so. As such, Mr. Gates proposes that Condition 5 be modified to state that he must coordinate with Pretrial Services on their requirements for travel notification prior to taking any trips to the District of Columbia for any other purpose under Condition 5 and, when possible, provide them with three business days' notice. No court permission would be required for trips to the District of Columbia, although such trips would have to be approved by Pretrial Services. Further, Mr. Gates proposes that Condition 4 also be modified to make it clear that he can also attend business meetings in the District of Columbia on the same day that he meets with counsel, attends court, or is in the District of Columbia for any other permitted purpose (e.g., doctor's appointments), without seeking court permission provided that he coordinates with Pretrial Services. These modifications would permit Mr. Gates to schedule

business meetings in the District of Columbia, where he expects most meetings will take place, without burdening the Court and Pretrial Services with motions. Mr. Gates submits that these modifications are reasonable, especially given that he will remain under GPS monitoring and Pretrial Services and the Court will know his whereabouts at any given time.

### III. GOVERNMENT'S POSITION

The United States opposes this motion.

### IV. CONCLUSION

WHEREFORE, Mr. Gates hereby respectfully moves this Court to modify Conditions 3, 4 and 5 in its January 4, 2018, Order as requested.

Respectfully submitted,

 /s/Shanlon Wu
Shanlon Wu
D.C. Bar No. 422910
Wu, Grohovsky & Whipple, PLLC
Ronald Reagan Building and International Trade Center
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
swu@dcwhitecollar.com
202-204-3053 office
202-747-7518 fax

Walter Mack
Admitted Pro Hac Vice
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY 10007-2911
212-619-3730 (Telephone)
212-962-5037 (Facsimile)
*Attorneys for Richard W. Gates III*