**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Crim. No. 17-201 (ABJ)** |
| **PAUL MANAFORT, JR. and** **RICHARD W. GATES III,** | |
| **Defendants** | |

## GOVERNMENT'S MOTION TO MODIFY THE COURT'S SCHEDULE FOR RULE 404(b) NOTICE AND BRIEFING

The United States of America, by and through Special Counsel Robert S. Mueller III, submits this motion to request that the Court revise the schedule for the provision of notice and briefing on the admissibility of any proposed Rule 404(b) evidence.  *See* Jan. 17, 2018 Minute Order.  In particular, the government requests that the notice and briefing schedules not be set until after a trial date is selected and that notice be required no more than eight weeks prior to trial, with opposition to be briefed two weeks later, and any reply one week after the opposition (and thus three weeks after the government's notice).[*]

## ARGUMENT

Federal Rule of Evidence 404(b) requires that the government provide "reasonable notice" with respect to the "general nature" of any "other crimes" or bad acts evidence it seeks to admit at trial.  *See United States v. McGill*, 815 F.3d 846, 879 (D.C. Cir. 2016).  The Rule does not define the notice period and "establishes no minimum time" for providing notice, *United States v. Tavarez*, 518 F. Supp. 2d 600, 604 (S.D.N.Y. 2007), and courts vary with respect to the required notice period.  The Rule's notice requirement is designed to avoid any prejudice to the defendant

---

[*] The government has not conferred with defendants about their position on this motion, but defense counsel previously agreed to notice of Rule 404(b) evidence six weeks before trial.

or undue burden on the government, and to give the parties and court sufficient time to resolve the admissibility of the proffered evidence. *See United States v. Reddy*, 190 F. Supp. 2d 558, 576-577 (S.D.N.Y. 2002); *see also United States* v. *Watson*, 409 F.3d 458, 465 (D.C. Cir. 2005) ("The courts must not treat lightly the 'surprise' introduction of evidence that leaves a criminal defendant without opportunity to prepare an effective response.").

Premature disclosure raises issues as well. For example, in declining to require disclosure that is too early, courts have recognized that "'the evidence the government wishes to offer may well change as the proof and possible defenses crystallize.'" *Tavarez*, 518 F. Supp. 2d at 604 (quoting *United States v. Matos-Peralta,* 691 F. Supp. 780, 791 (S.D.N.Y.1988)); *see also United States v. Giffen*, 379 F. Supp. 2d 337, 345 (S.D.N.Y. 2004) ("Reasonable notice of Rule 404(b) evidence does not, however, require the Government to provide unduly early notice."); *Reddy*, 190 F. Supp. 2d at 577 (agreeing that notice should not be required until the government had "finalize[d] its order of proof"). For similar reasons, early disclosure can result in multiple Rule 404(b) notices and multiply the rulings that a court needs to make, thus undermining the efficient use of judicial and party resources. *Cf. United States v. Barnes*, 49 F.3d 1144, 1148 (6th Cir. 1995) (reading Rule 404(b) to impose a "continuing obligation" on the government to provide additional notice "whenever it discovers information that meets the previous request").

The current schedule in this case requires the government to provide Rule 404(b) notice on April 6, 2018, *see* Jan. 17, 2017 Minute Order, and is not tethered to a specific trial date. Accordingly, were the trial to be held in June, the current schedule would allow for up to as much as two months' notice—a period consistent with existing case law. But a September trial date (proposed by the defendants) would result in notice five months before trial and more than double the notice period generally required in similar cases. Requiring notice at such an early date

implicates the very concerns recognized in the cases above—namely, that the full extent of the government's Rule 404(b) disclosure will not be finalized or developed by the relevant date, and could lead to multiple filings if additional evidence were developed.

The government has not identified any authority in this district, or another, requiring such early notice in a comparable case.  Instead, while courts have recognized that the appropriate notice date may vary with the circumstances, *see Reddy*, 190 F. Supp. 2d at 576, the longest notice period that the government has found in a factually comparable case is two months (or eight weeks), and some courts have allowed for shorter periods.  *See, e.g.*, *United States v. Watts*, 911 F. Supp. 538, 556 (D.D.C. 1995) (court required Rule 404(b) notice 45 days in advance of trial in a case alleging perjury, false statements, and obstruction of justice); *United States v. Vilar*, 530 F. Supp. 2d 616, 640 (S.D.N.Y. 2008) (requiring 60-day advance notice in securities case); *Giffen*, 379 F. Supp. 2d at 345 (stating that "notice is typically provided no more than two to three weeks before trial," but requiring Rule 404(b) notice 45 days in advance of trial in case involving violations of the Foreign Corrupt Practices Act, mail and wire fraud, money laundering, and tax crimes).

For these reasons, the government submits that a notice period of eight weeks is appropriate here and would allow for the timely resolution of the relevant issues.

## **CONCLUSION**

For the foregoing reasons, the government requests that the Court modify the recently entered motions schedule to require that the government's notice of intent to use Rule 404b) evidence be provided eight weeks before trial, with any opposition to be briefed two weeks later,

and any reply a week after the opposition.  A proposed order accompanies this motion.

Respectfully submitted,

ROBERT S. MUELLER III
Special Counsel

Dated: January 19, 2018                    By:      /s/   Greg Andres
                                                   Andrew Weissmann
                                                   Greg D. Andres (D.D.C. Bar No. 459221)
                                                   Kyle R. Freeny
                                                   U.S. Department of Justice
                                                   Special Counsel's Office
                                                   950 Pennsylvania Avenue NW
                                                   Washington, DC 20530
                                                   Telephone: (202) 616-0800

                                                   *Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **PAUL MANAFORT, JR. and** | **Crim. No. 17-201 (ABJ)** |
| **RICHARD W. GATES III,** | |
| **Defendants** | |

## <u>ORDER</u>

This matter having come before the Court pursuant to the government's motion to modify the Court's schedule for Rule 404(b) notice and briefing, it is hereby

ORDERED that the government's motion is GRANTED;

IT IS FURTHER ORDERED that the government shall be required to give notice of its intention to use any evidence under Rule 404(b) eight weeks before the trial date set by the Court; and

IT IS FURTHER ORDERED that defendants' opposition in response shall be filed within two weeks of the government's notice, and the government's reply (if any) shall be filed no later than one week after the defendants' opposition.

_____
Date

_____
HON. AMY BERMAN JACKSON
UNITED STATES DISTRICT JUDGE