# EXHIBIT 2

FILED UNDER SEAL

**From:** AAW [mailto:AAW@usdoj.gov]
**Sent:** Wednesday, January 31, 2018 4:20 PM
**To:** Shan Wu <swu@dcwhitecollar.com>; wmack@doarlaw.com
**Cc:** Green, Thomas C. <tcgreen@sidley.com>; GDA <GDA@usdoj.gov>
**Subject:** RE: Urgent Concerns

Counsel:

We write in response to your email dated January 30 at 10:59 p.m.

The Special Counsel's Office is honoring Mr. Gates' choice of counsel. As we previously advised you, the Special Counsel's Office was informed that Mr. Gates had engaged Tom Green and sought to have us communicate through him for purposes of discussions with us. In light of your email, we have confirmed with Mr. Gates his decision to have Mr. Green represent him in this capacity. We advised both your client and Mr. Green that we are happy to deal with any counsel of Mr. Gates' choice and expressed no preference other than following his selection.

As we previously advised you, we are not going to be intermediaries between you, Mr. Green, and your client, a fact that you said you appreciated. We thus again direct you to Mr. Green and your client with respect to your inquiries. We understand from Mr. Green that he is available to address these issues with you.

Further, the Special Counsel's Office is not aware of any discovery material that has been produced to Mr. Green that has not been disclosed to you. Because the Special Counsel's Office has not put any restrictions on Mr. Green or you from sharing discovery material with each other, you are free to confirm the accuracy of this representation. Each of you has signed the protective order.

Finally, your statement as to representations by the Special Counsel's Office are wrong. This email sets forth our consistent position. If you believe that our course of conduct violates an ethical or other rule or law, please send us the legal authority you would like us to consider.

Andrew Weissmann
Greg Andres
Special Counsel's Office
(202) 514-1746

NOTICE: This email (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected by applicable law. If you are not the intended recipient (or the recipient's agent), you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you received this email in error, please notify the sender immediately and destroy all copies.

**From:** Shan Wu [mailto:swu@dcwhitecollar.com]
**Sent:** Tuesday, January 30, 2018 10:59 PM
**To:** GDA <GDA@jmd.usdoj.gov>; AAW <AAW@jmd.usdoj.gov>
**Cc:** Walter Mack <wmack@doarlaw.com>
**Subject:** RE: Urgent Concerns

Greg & Andrew:

We write to express our objection and concern over certain actions by the Office of Special Counsel (SCO) which materially interfere with our ability to effectively represent our client and to ensure our compliance with the protective order imposed in this case.  These objections and concerns include, but may not be limited to the following:

1. For the past several weeks, the SCO has refused to disclose to us and discuss with us the plea offer and negotiations and information relating to that offer and the conditions under which the SCO has expressed interest in having our client cooperate.
2. The SCO refused to extend a deadline for our client's decision to accept a plea offer and cooperation but simultaneously informed us that they "had what they needed" with regard to our answer and then extended the deadline for our client's decision through communication with counsel not of record (Tom Green).
3. We informed the SCO at the earliest possible time that we are unaware of Tom Green having signed onto the protective order.  It is our understanding that as of last week Mr. Green still had not signed onto the protective order despite having received discovery from the SCO.  We do not have any information from the SCO that Mr. Green has signed the protective order.
4. The SCO has informed us that additional discovery was given to Tom Green which was not made available to us and refused to make the same discovery available to us.
5. The SCO also engaged in meetings with Tom Green without informing us of such meetings and refuses to disclose to us the substance of the meetings.  We do not know whether our client attended these meetings or not.

Mr. Weissman has informed us verbally that he believes the SCO has no obligation with regard to the above positions and actions.  We, however, very much disagree.   We believe it raises serious ethical issues for the SCO to create a secret back-door channel of communications involving our client in which we – the only lawyers who are counsel of record – have been excluded and prevents us from being able to effectively represent our client.  We also reiterate our concern that discovery may have been shared with a lawyer who has not signed onto the protective order.  We cannot be held responsible for any breaches of the protective order in this case by lawyers or their staffs who have neither have filed an appearance in the case nor work at under our direction.

We urge you to immediately remedy this situation and ask that we meet with yourselves and Special Counsel Mueller in an effort to resolve this untenable situation.


Best Regards,

Shanlon Wu
Wu, Grohovsky & Whipple, PLLC
Suite 700
Ronald Reagan Building & International Trade Center
1300 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Mobile: 202.642.1055
Office: 202.204.3053
Fax:    202.747.7518
**Defend-Investigate-Solve**