# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. Action No. 17-0201-02 (ABJ) |
| | ) | |
| RICHARD W. GATES III, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On February 28, 2018, defendant Gates filed a motion to modify his conditions of release. Def.'s Unopposed Mot. to Modify Conditions of Release [Dkt. # 214] ("Mot."). He asked the court to eliminate the requirement that he be subject to electronic GPS monitoring and to remove the restrictions on his travel from Richmond, Virginia to the District of Columbia. The motion is unopposed, but notwithstanding the lack of any objection by the Office of Special Counsel, the motion will be granted in part and denied in part.

With respect to travel, the motion states that Gates's obligations to the Office of Special Counsel "require his presence in Washington, D.C., often on short notice, and also require frequent consultation with undersigned counsel, whose office is also in Washington, D.C." Mot. at 1. It adds that "[i]n the past, these arrangements have been delayed and made more complicated by the need to obtain permission to travel." *Id.* Therefore, Gates requests that he be allowed to travel without restriction from Richmond to the District of Columbia.

The Court notes that pursuant to this Court's January 3, 2018 order granting Gates's motion to modify conditions of release, Gates is already permitted to travel to and from the District of Columbia for court appearances and meetings with counsel without seeking permission from the Court in advance. Order [Dkt. # 138] at 4. Also, on January 10, 2018, the Court clarified its order

"to specify that the defendant may, upon prior notification to the Pretrial Services Agency, attend business meetings (or other appointments such as medical appointments) within the District of Columbia during any of the . . . trips to the District to meet with counsel that do not require Court approval." Min. Order. of Jan. 10, 2018. So, consultation with counsel has not been delayed by the need to obtain permission to travel, and defendant has not been required to submit requests to the Court for other meetings in Washington either.

But, to clarify matters, the Court will further modify its order to specify that defendant need not obtain advance permission from the Court to travel to or from the District of Columbia for meetings or activities at the request of the Office of Special Counsel or the Federal Bureau of Investigation.

The defendant must still inform the Pretrial Services Agency in advance of any travel to the District, although if circumstances do not permit the required notice within two business days, he may comply with the Court's order if the Agency is informed within one business day of the travel.

On January 10, 2018, the Court also modified the order to require the defendant to notify the Pretrial Services Agency of any plans to travel to the District of Columbia within two, instead of three, business days. Min. Order. of Jan. 10, 2018. For the benefit of the agency, this will remain the preferred course of action, but if exigent circumstances arise and he is summoned on short notice, defendant Gates may comply with the Court's order by notifying the Pretrial Services Agency of his travel plans within one business day.

However, with respect to the request that Gates be relieved of his GPS monitor, the Court will decline to grant that request at this time. While Gates has entered a guilty plea, and his acceptance of responsibility and agreement to cooperate may very well reduce the sentence he will

ultimately be facing, the change of his plea from not guilty to guilty has turned the prospect that he could be sentenced by a court into a certainty that he will.  This is why the Bail Reform Act sets a higher threshold for release pending sentencing than the standard that applies pending trial.  *Compare* 18 U.S.C. § 3142 (b) ("The judicial officer shall order the pretrial release of the person on personal recognizance . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.") *with* 18 U.S.C. § 3143 (a)(1) ("[T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger . . . .").  The Court also notes that while on February 23, 2018, Gates admitted his involvement in the offenses charged in the superseding information, and he committed to cooperate "fully, truthfully, completely, and forthrightly" with the Office of Special Counsel and law enforcement authorities, Plea Agreement [Dkt. # 205] at 5, his change of heart is quite recent – he pled guilty to lying to those very authorities just a few weeks before, in a proffer session in advance of his plea.  Under all of these circumstances, the Court remains of the view that the conditions that have been imposed are reasonably necessary to assure the defendant's appearance at this time.  This ruling is without prejudice to a future request for review of the GPS monitoring condition based on the circumstances that pertain at the time.

    SO ORDERED.

                                             */s/ Amy Berman Jackson*
                                             AMY BERMAN JACKSON
                                             United States District Judge

DATE:  March 14, 2018