<pre>
 1                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
 2

 3    United States of America,      ) Civil Action
                                     ) No. 17-CR-201
 4                    Plaintiff,     )
                                     ) STATUS CONFERENCE
 5    vs.                            ) PUBLIC TRANSCRIPT
                                     ) PORTIONS UNSEALED
 6    Paul Manafort, Jr.,            ) PER 4-17-18 ORDER
      Richard W. Gates, III,         ) Washington, DC
 7                                   ) Date:  February 14, 2018
                      Defendants.    ) Time:  9:30 a.m.
 8    _____

 9                  TRANSCRIPT OF STATUS CONFERENCE
                          HELD BEFORE
10           THE HONORABLE JUDGE AMY BERMAN JACKSON
                    UNITED STATES DISTRICT JUDGE
11    _____

12                     A P P E A R A N C E S

13    For the Plaintiff:     ANDREW WEISSMANN
                             GREG D. ANDRES
14                           KYLE R. FREENY
                             U.S. Department of Justice
15                           Special Counsel's office
                             950 Pennsylvania Avenue NW
16                           Washington, D.C.  20530
                             202-514-1746
17                           Email: Aaw@usdoj.gov
                             Email: Gda@usdoj.gov
18                           Email: Krf@usdoj.gov

19

      For Defendant Manafort: KEVIN M. DOWNING
20                           815 Connecticut Avenue, N.W.
                             Suite 730
21                           Washington, D.C. 20006
                             (202) 754-1992
22                           Email: Kevindowning@kdowninglaw.com

23                           THOMAS EDWARD ZEHNLE
                             Miller & Chevalier, Chartered
24                           900 Sixteenth Street, NW
                             Washington, DC 20006
25                           (202) 626-5800
                             Email: Tzehnle@milchev.com
</pre>

```
 1    For Defendant Gates:      SHANLON WU
                                Wu, Grohovsky & Whipple
 2                              1300 Pennsylvania Avenue, NW
                                Suite 700
 3                              Washington, DC 20004
                                (202) 204-3053
 4                              Email: Swu@dcwhitecollar.com

 5                              Walter Mack
                                DOAR RIECK DeVITA KALEY & MACK
 6                              217 Broadway
                                Suite 707
 7                              New York, NY 10005
                                (212) 619-3730
 8                              Email: Wmack@doarlaw.com

 9
      ALSO PRESENT:
10
         Pretrial Officers:    Andre Sidbury
11                             Shay Holman

12       FBI Special Agent:    Omer Meisel

13
      Court Reporter:          Janice E. Dickman, RMR, CRR
14                             Official Court Reporter
                               United States Courthouse, Room 6523
15                             333 Constitution Avenue, NW
                               Washington, DC  20001
16                             202-354-3267

17                                  *   *   *

18

19

20

21

22

23

24

25
```

1          THE COURTROOM DEPUTY:  Good morning, Your Honor.

2     We have this morning criminal case number 17-201-1 and -2,

3     the United States of America v. Paul Manafort, Jr., and

4     Richard W. Gates, III.  Both Mr. Manafort and Mr. Gates are

5     present in the courtroom.

6          Will counsel for the parties please approach the

7     lectern and identify yourself for the record.

8          MR. ANDRES:  Good morning, Your Honor.  Greg

9     Andres, Andrew Weissmann, Kyle Freeny from the Special

10    Counsel's Office.  And with us at counsel table is

11    Supervisory Special Agent Omer Meisel.

12         THE COURT:  All right.  Good morning.

13         MR. WU:  Good morning, Your Honor.  Shanlon Wu,

14    and Mr. Walter Mack are here for Mr. Gates.

15         THE COURT:  All right.  Good morning.

16         MR. DOWNING:  Good morning, Your Honor.  Kevin

17    Downing and Tom Zehnle for Mr. Manafort.

18         THE COURT:  All right.  Good morning.  I don't

19    know how much we can actually do today.  And I don't know

20    how much we can actually do on the public record today, but

21    we'll try to do some of it.

22         I do want to address sealing issues first.  The

23    fact that this case is of significant public interest is not

24    a reason to seal things.  It's a reason to unseal things.

25    But it does support maintaining the privacy of the

1   defendant's private information; their addresses, their

2   family members' addresses, their bank account numbers, the

3   dollars in the bank accounts, their family members' personal

4   information, and financial information that isn't part of

5   the indictment.  Attorney-client communications are

6   privileged and not public.  And Rule 60 requires that the

7   government be scrupulous about not revealing information

8   about ongoing investigations.

9         So, there's a lot of reasons why a lot of things

10   that people are telling me have to remain sealed and have to

11   remain private at the moment, but I think people are

12   overdoing it just a little bit.  The pleading I received Mr.

13   Gates last night, docket 176, doesn't actually have anything

14   private in it.  It just asks for more time.  So I'm going to

15   order that it be unsealed.

16         Mr. Manafort's bond motion, I permitted it to be

17   filed under seal, but I've ordered that a redacted version

18   be posted, and I need that done by Friday.  The government's

19   response, docket 175, I'm going to grant you leave to file

20   the opposition under seal, but whatever aspects of it can be

21   filed on the public docket -- and I think there are aspects

22   of it that can -- need to be.  So that needs to be done by

23   Friday.

24         That being said, while my goal is to include the

25   public as much as possible in these proceedings, there are a

1    number of issues I have to address here today that are going

2    to require either bench conferences or sealed proceedings

3    because they relate to attorney-client confidences or the

4    details of financial arrangements.  And at some point these

5    issues will be resolved and they will result in orders and

6    the orders will be public.

7          So, with that, I guess I usually start each of

8    these status conferences with talking about the status of

9    discovery.  And hopefully that's something that you can

10   answer on the record.  Mr. Andres?

11         MR. ANDRES:  Yes.  Good morning, Judge.  And there

12   is something that we would like to approach about.  I'll

13   tell you about discovery, but there are matters that we

14   would like to address with the Court at the bench.

15         So with respect to discovery, we've, since the

16   last status conference, made several productions.  We're

17   going to make another production this week.  As we said last

18   time, we're largely completed with discovery.  What remains

19   are the rolling productions; that is, materials that we

20   continue to receive, whether pursuant to a subpoena or some

21   other process.  And obviously we try to get that out as

22   quickly as possible.  And then as we described last time,

23   there are other parts of the Special Counsel's Office, other

24   investigations, and we're going through the files of those

25   other investigations that don't relate principally to the

1    defense in this case or the charges in this case.  And we're

2    looking through those files to make sure there's nothing in

3    those that are discoverable, and we'll continue to produce

4    those.

5            So, as with last time, we're substantially

6    completed, but obviously it's an ongoing process.

7            THE COURT:  All right.  So, do you need to come to

8    the bench now to --

9            MR. ANDRES:  I think it would just be appropriate,

10   Judge, because it would alert you to certain issues that may

11   come up along the proceedings.

12           THE COURT:  Okay.

13           THE COURT REPORTER:  Is this sealed?

14           THE COURT:  Yes, this portion is sealed.

15           (Bench conference.)

16           THE COURT:  All right.  Do I have at least one

17   lawyer for each defendant who can hear?

18           MR. DOWNING:  Yes.

19           THE COURT:  Okay.

20           MR. ANDRES:  So, Judge, I didn't want to -- I at

21   least wanted defense counsel to know what we wanted to talk

22   to the Court about, which is to update the Court about

23   certain grand jury matters, both in the Eastern District of

24   Virginia and here in the District of Columbia.  I think

25   those matters are more appropriately discussed ex parte, at

1      least in the first instance, and then if there are matters

2      that should be disclosed to the defense, we'll certainly do

3      that.  But I think for purposes of updating the Court on

4      grand jury matters, we should do that ex parte.

5              THE COURT:  All right.  Well, you all, not ex parte,

6      came up here last time and told me that indictments were

7      anticipated and that they knew about them and that you had

8      discussed with them whether they would be filed, and that

9      they would be brought before today.  I was sort of hoping

10     that if they weren't, somebody would move to continue this

11     hearing so we wouldn't be doing this with everybody watching

12     us, not talking to them.  But here we are.

13              So, I guess I don't really understand why you

14     could talk about it last time with everybody but you can't

15     talk about it this time.

16              MR. ANDRES:  Sure.  So, Judge, we are aware

17     that -- something that has happened.  We want to update you

18     about that, but some of those matters are sealed.  And in light

19     of that, we wanted to proceed ex parte in the first place.

20              As for continuing this conference, we talked to

21     defense counsel about that, but because there are other

22     issues relating to Mr. Gates's representation, bail,

23     etcetera, it seemed prudent -- or, defense wanted to proceed

24     with that.  So, we just need to now take it to the next

25     step.  Obviously, we've had conversations with the defense

1      counsel about the superseding -- I mean, about the Eastern

2      District charges and other matters.  But I think what

3      remains should be done ex parte.

4                THE COURT:  All right.  In terms of just enlightening

5      me about the schedule, that has to be done ex parte?

6                MR. ANDRES:  I think this information would help you,

7      alert you as to what should happen next on the scheduling.

8                MR. DOWNING:  We would object to ex parte

9      communications.

10                THE COURT:  I understand that.

11                MR. DOWNING:  I understand that Mr. --

12                THE COURT:  Wait.  Wait.  Wait.  You need to come

13      up here, near the microphone, so she can get you.

14                MR. DOWNING:  I'm sorry.

15                THE COURT:  And don't talk over me, so we can

16      have it.

17                I understand your objection.  Your objection is

18      noted.  But until I hear what it is, I don't know that I can

19      solve your problem.  So, it does seem that they've been in

20      communication with you about what's coming down the road.

21      So, I need to hear what he has to say before I can order him

22      to tell it to you.  But your objection is noted.

23                MR. DOWNING:  Thank you.

24                MR. WU:  Just for the record, we'll join in the

25      objection.

1          THE COURT:  All right.  While you're up here, I

2     want to tell you a few other things.  I plan to go from this

3     matter into discussing Manafort's bond issues and then at

4     10:30 I plan to discuss Mr. Gates's representation issues.

5     And I have summoned Mr. Green for that purpose as well, so

6     he will be here.  Not the Mr. Green that bills.

7          MR. WU:  No comment, Your Honor.

8          THE COURT:  I'm sure you would like to see him

9     faster.

10          All right.  Well, how do you want to handle this?

11     Just have you guys step down.  And you can tell me what's

12     going on.  Let's do that right now.

13          So this will continue to be sealed and the record

14     will reflect that the government is now going to speak to me

15     ex parte.

16          So you can go back to counsel table.

17          MR. ZEHNLE:  Your Honor, yes, if I might raise one

18     issue.  With respect to the filing of the supplemental

19     memorandum that you just addressed a moment ago for Mr.

20     Manafort's bond, we can certainly file that by Friday.

21     There's one thing in the minute order --

22          THE COURT:  It isn't a supplemental, it's just a

23     redacted version of your supplemental -- of what you filed.

24          MR. ZEHNLE:  The supplemental memorandum that we

25     filed that related to the motion for reconsideration.

1          THE COURT:  Okay.

2          MR. ZEHNLE:  Okay.  The Court said to -- it's

3    fine, redacted addresses, the financial information.  On

4    page 2 of that memorandum there was a brief summary of what

5    we had discussed in the sealed hearing on January 22nd.  So,

6    I wanted the Court's guidance before I filed that because

7    technically that's not an address, that's not financial

8    information, but it's certainly under seal.  So I didn't

9    know if the Court wanted me to redact that brief summary of

10   the January 22, or not.

11         THE COURT:  Well, I think what I said then was

12   exactly what I had said at the original hearing, which is

13   that you had to have one or the other or both to satisfy.

14   So, you know, if you just want to change it to the Court has

15   emphasized that or something, without specifically

16   referencing -- I mean, I don't think it's -- I don't have a

17   problem with that.

18         MR. ZEHNLE:  We don't either, Your Honor.  I just

19   want to make sure that I'm not talking about it.

20         THE COURT:  We sealed the hearing because you were

21   telling me about his expenses and legal fees and things like

22   that.  I don't have a problem with that.

23         MR. ZEHNLE:  Okay.

24         MR. DOWNING:  And, Your Honor, just as a matter of

25   administration, we would like to address the Court regarding

1    discovery issues after we finish at the bench.

2              THE COURT:  Yes.  I would like to set a trial

3    date.  I was planning to set a trial date today.  I can't

4    set a trial date without knowing who co-counsel is going to

5    be, so that's a little bit of a problem.  So we might be

6    able to do it later this morning, we might have to get

7    together early next week and do it.  I don't know the answer

8    to that yet.  I was hoping to have an answer by yesterday at

9    5 o'clock, but I didn't get one, so --

10             (Whereupon defense counsel step back to counsel

11   table.  Remaining at the bench is government counsel only.)

12             THE COURT:  All right.

13             MR. ANDRES:  Thank you, Judge.  So, we did return

14   a super -- we did return -- the grand jury returned an

15   indictment in the Eastern District of Virginia yesterday

16   against Mr. Manafort; that's still sealed, which was the

17   purpose of doing this ex parte.

18             Second, the government is planning on superseding

19   in this case this Friday, and we'll ask the grand jury to

20   return a superseding indictment against Mr. Manafort.  Both

21   of those instruments only charge Mr. Manafort because of the

22   ongoing nature of the negotiations with Mr. Gates.  We don't

23   know how that's going to resolve itself yet.  We have some

24   hope that it will happen in the next week to ten days.  And

25   our hope is that if, in fact, that happens, after that

1    happens, we can unseal both of those indictments, have Mr.

2    Manafort arraigned here on the District of Columbia cases

3    and proceed that way.

4          So we were uncomfortable with disclosing to the

5    defense the fact that there's a sealed indictment in the

6    Eastern District of Virginia.  But that's what's happening.

7    I think both of those -- or, all three of those events

8    substantially affect what the schedule is going forward.

9    But, once we resolve with Mr. Gates, or not, we can then

10   unseal those indictments and the Court can proceed to have

11   an arraignment and have the schedule go forward that way.

12          THE COURT:  Well, if there's not an agreement with

13   Mr. Gates, is he a codefendant in any of these?

14          MR. ANDRES:  Yeah, if we don't resolve things with

15   Mr. Gates -- and I think we'll know that within the next ten

16   days -- then we would probably supersede on both of those

17   instruments, to include him in both of those.  But in light

18   of the negotiations, it would seem prudent to do that.

19          THE COURT:  All right.  Well, is there any reason

20   why we can't call them back up here and have you say that

21   what you've told me is that you still intend to supersede

22   and you still intend to proceed in the Eastern District of

23   Virginia?  I mean, they already know the substance of the

24   pending indictment.

25          MR. ANDRES:  Absolutely.

1          THE COURT:  So there's nothing about that that's

2     changed.

3          MR. ANDRES:  Correct.

4          THE COURT:  Well, just so they don't think that

5     there's something else.

6          MR. ANDRES:  Yeah.

7          THE COURT:  I mean --

8          MR. ANDRES:  Yeah.  I mean, I think what we don't

9     want to disclose, anything that's sealed.  We don't want to

10    disclose that Mr. Manafort is the only defendant in those.

11    But we can certainly say --

12         THE COURT:  But I think you can say that you're

13    still intending to proceed to supersede and to proceed there

14    and the schedule is uncertain and is --

15         MR. WEISMANN:  I think the thing that we're trying

16    to avoid is having -- we are hopeful that Mr. Gates's

17    situation will resolve itself quickly and that we will be in

18    front of the Court with the papers and the Court can

19    schedule the plea hearing.  We also are cognizant that if it

20    doesn't work out, we don't want to have Mr. Gates in a

21    position where the public knows he's intending to plead

22    guilty and the public -- the issues that are raised but

23    didn't --

24         THE COURT:  But that's different than having

25    you -- Yes, I understand that.  Okay.

1          Counsel, can you return to the bench?

2          (Defense counsel returns to the bench.)

3          THE COURT:  All right.  Based on what's been told

4     to me, I just want to let you know that what was told to me

5     is fundamentally that everything that you -- is not a change

6     to what you already know; that are there are charges

7     contemplated in the Eastern District of Virginia and that

8     there are superseding charges contemplated here and that the

9     timing is still uncertain.  But, it is not something else

10    that they're planning to do that they told me about that

11    they haven't told you about.

12          So, that much I can tell you.  I think, given

13    that -- well, I, too, believe we need to set a trial date.

14    I don't think we can set a trial date until you see what the

15    new charges are because, you know, you won't know how long

16    it's going to take you to get ready.  So I'm also hamstrung

17    by the counsel issues, in terms of setting a trial date.

18    But I will let you put your position on the record about

19    setting a trial date and discovery.

20          MR. DOWNING:  I understand that.  It doesn't make

21    any sense to me to take a futile position.  But I do think

22    that we should set a status conference for next week, so we

23    can come back here, because there are a lot of issues going

24    on.  But we, for Mr. Manafort, we ought to set a firm date

25    because that's what we're getting ready for.  I don't know

1  how much more time the government is asking for, but we do

2  have a pending deadline on the 23rd for some motions that,

3  obviously -- I don't know what the new one looks like, but I

4  have a good idea.  So I don't think we need more than a week

5  on that, if they're going to return something next week.

6  But I don't know, so I think a status conference would be

7  appropriate.

8            THE COURT:  I don't know either.  And I can set a

9  status conference for the end of next week.  My problem with

10  that is, you know, then we have a million people sitting

11  here.  And maybe the better thing to do is just set it on

12  shorter notice, like --

13            MR. DOWNING:  Okay.

14            THE COURT:  -- kind of take it a day at a time and

15  see if something breaks one way or the other that makes it

16  clear what we need to do and when we need to do it.

17            MR. DOWNING:  Okay.

18            THE COURT:  But, I'm not exactly -- we're all sort

19  of in unchartered waters at this point.

20            Did you want to say something?

21            MR. MACK:  Just to make a comment to Mr. Wu

22  briefly, because he doesn't always trust me to say what I

23  should be saying.

24            We do not know with any detail precisely what is

25  happening with respect to Mr. Gates because he will not tell

1    us.

2              MR. WU:  This may go to the 10:30 issues, Your

3    Honor.  But I would put on the record, under seal, we do not

4    feel we have any clarity from the government vis-a-vis what

5    will happen to our client on these new charges, and that's

6    the result of their feeling that their position is they

7    cannot speak to us about that.

8              THE COURT:  All right.  But you were alerted at

9    some point as to what the potential charges could be.

10   Because you had told me last time that you knew what they

11   were and you wanted to face them there.

12             MR. WU:  Yes, I understand.  To be specific, last

13   time we were only aware of the potential second indictment

14   in Virginia.  As of yesterday we learned that there also was

15   likely to be, in addition to that, a superseding indictment

16   in D.C.

17             THE COURT:  All right.

18             MR. WU:  The particulars of those charges --

19             THE COURT:  I understand, you're hamstrung.  Is

20   there any change in Mr. Manafort's point of view about the

21   Eastern District versus the District?  I think the only

22   thing I can imagine that's more unusual than the government

23   offering you the choice is the choice you're making.  But,

24   is there any further discussion about that?

25             MR. DOWNING:  No.

1              THE COURT:  All right.

2              MR. ZEHNLE:  Thanks, Judge.

3              (Open Court:)

4              THE COURT:  All right.

5              MR. WU:  Your Honor, may I just clarify one thing

6      from the earlier discussion that you made on the record?

7              THE COURT:  Yes.

8              MR. WU:  Which is the pleading that Mr. Gates

9      apparently filed last night, I think you referenced that.

10     Counsel of record has not seen that pleading.  I just want

11     to make that clear.  We double-checked.

12             THE COURT:  Well, it's on the docket and it's

13     going to be unsealed.  It has now been docketed, so you

14     should now be able to see it, even if it was sealed, because

15     it's on the docket.  So now it will also be unsealed, so

16     anybody can see it.

17             MR. WU:  I think the delay was because it was not

18     filed via ECF.

19             THE COURT:  Right.  He filed it pro se.  I can

20     simply tell you that he asked me to put off the

21     consideration of the motion to withdraw for approximately a

22     week, and that is the sum total of what was in the document.

23     And now it's going to be public.

24             MR. WU:  Thank you, Your Honor.

25             THE COURT:  All right.  All right.  We have a

1    motions schedule in place.  The government took issue with

2    the scheduling of briefs related to the 404(b) issue, and

3    Mr. Manafort has weighed in on that and thought that --

4    preferred the schedule I set to the one that the government

5    recommended.

6           I think I need to have a trial date and a pretrial

7    conference before I answer that question, although I do want

8    to advise the Office of Special Counsel that I'm not sure

9    that the government's proposal of waiting until eight weeks

10   before whatever the trial date is is going to work in

11   connection with all the other work that you're going to have

12   to do it get ready for the pretrial conference.

13          The schedule was established with an understanding

14   that in advance of the pretrial conference, you're going to

15   file a pretrial statement with me that's going to identify

16   the exhibits and witnesses in advance of trial.  And the

17   defense can't do that if they don't know what the

18   allegations are that are going to be tried.

19          So, I think there's going to come a point where

20   I'm going to order the government to inform the Court and

21   the defense of any 404(b) evidence it intends to introduce

22   so that they can explain to me why I should exclude it, you

23   can explain to me why I can include it, I can rule on it and

24   then we know what the universe is that's going to trial.

25   Which brings me to another point, which is that I believe

1      that this case needs a trial date.  I realize there are some

2      circumstances that may make that impossible today, but I

3      think it has to happen soon.

4              These defendants are presumed to be innocent, but

5      they're facing serious charges that expose them to

6      significant penalties and we have spent a lot of time being

7      focused on everything but that.  We've been dealing with the

8      minutia of bond and soccer practice and public relations and

9      people changing their minds about where they want to live

10     and unsettled questions concerning representation since

11     October, and it's unacceptable.

12             The nature of charges they have to face, the

13     evidence that they're going to have to respond to can't be a

14     mystery for long.  I don't think we can do it at this

15     minute, until we resolve certain fundamental issues that

16     have to be outside the public eye, but I expect to set

17     another status conference soon, at which a status -- a trial

18     date will be set.

19             Mr. Downing, is there anything you want to say in

20     response to the discovery issues that were on the record?

21             MR. DOWNING:  Thank you, Your Honor.  One, Mr.

22     Manafort joins you in wanting to set a firm trial date.  We

23     understand there's some issues that the Court has to deal

24     with today.  But, we would request that as soon as

25     practical, that that date get set.

1        We do think we are rather late in the game to

2    still be getting discovery from the government.  We got a

3    dump yesterday.  We do have some issues that we think

4    additional materials need to be produced that we have not

5    reached agreement with the government on.  So we anticipate,

6    in the middle of all this, starting to file discovery

7    motions with the Court regarding those issues.  But to the

8    extent we need to be back in this courtroom on short notice

9    to set a trial date, we're prepared to do it.  Thank you.

10        THE COURT:  All right.  Thank you.  I mean, I

11   think making rolling productions as more documents come to

12   you is different than producing what is already in your

13   possession or was in your possession when you decide to

14   bring these charges, and that should already be out the door

15   and in their hands.  I'm happy -- I'm not going to set a

16   schedule for the filing of discovery motions.  You file them

17   and that will prompt a schedule for a reply and an

18   opposition, and we'll take them up as we get them.

19        Is there anything else -- there are two things

20   that I want to talk about that I do believe I need to talk

21   about in a sealed courtroom, notwithstanding the desire of

22   everyone in the courtroom to be here, and that is Mr.

23   Manafort's pending bond motion and the motion to withdraw

24   filed by counsel.

25        Are there any other issues I can take up before I

1    need to do that?  Are there any other issues anybody wanted

2    me to take up today?  Mr. Wu?

3            MR. WU:  Your Honor, just to put our position on

4    the record with regard to discovery matters.  We have been

5    receiving further discovery, but based on what we have

6    brought to your attention in the motion to withdraw, we have

7    been unable to make any significant progress in terms of

8    preparation or review or adhering to the Court's schedule

9    with regard to substantive motion practice.

10           THE COURT:  All right.  I think when we resolve

11   the issues that we need to resolve, if the motions for

12   continuances or extensions of time need to be filed, then

13   they'll be filed and we'll take them up at that time.  I

14   don't know what else to say at the moment.

15           MR. WU:  Thank you, Your Honor.

16           THE COURT:  All right.  Is there anything further

17   from the government right now?

18           MR. ANDRES:  Judge, just to exclude time.  The

19   case has already been designated as complex.  There's a

20   motion schedule.  But we, in an excess of caution, move to

21   exclude time between now and the time of the -- there is a

22   hearing for motions scheduled in April, so between now and

23   the April hearing date, we would move to exclude time under

24   the Speedy Trial Act.

25           THE COURT:  All right.  I'm not sure that's

1    necessary either.  I think, certainly in Mr. Gates's case,

2    some of the delay is attributable to Mr. Gates.

3            Mr. Manafort, what's your position about speedy

4    trial and excluding the time between now and the next hearing?

5            MR. DOWNING:  We would like to take it under

6    consideration, Your Honor.

7            THE COURT:  All right.  Well, you can let me know

8    at the end of the week.  I mean, I think as soon as you file

9    motions, the clock is going to stop ticking anyway and this

10   is a complex case and I don't think --

11           MR. DOWNING:  I understand, but I think there also

12   are situations which could be non-excludable time and I

13   would like to take a little time to take a look at that.

14           I would also ask you to, I guess, hold the

15   February 23rd motions deadline open until we can resolve the

16   issues that --

17           THE COURT:  I don't know what you mean by hold it

18   open.  Right now --

19           MR. DOWNING:  Well, right now they're due on the

20   23rd.

21           THE COURT:  This is a motion that I don't think is

22   dependent on discovery.  You stood up and said, I think at

23   the very first status conference, that you wanted to file a

24   motion about the legitimacy of the indictment, just based on

25   the face of the indictment.  And then you filed a civil suit

1    alleging the same thing.  And so, I don't -- I deliberately

2    set an earlier schedule for the motion that would either

3    obviate the case or just needs to be resolved up front.  So

4    why can't that one be filed on time?

5              MR. DOWNING:  Your Honor, you just had a side bar

6    about issues that obviously come into play with respect to

7    that motion.

8              THE COURT:  All right.  Well, I'm not sure that's

9    entirely true.  What it --

10             MR. DOWNING:  I'm not either, so I --

11             THE COURT:  All right.  All right.  Can you just

12   all approach the bench again?

13             THE COURT REPORTER:  And sealed again?

14             THE COURT:  Yes.

15             (Bench discussion:)

16             THE COURT:  I understand that in terms of things

17   like bills of particulars or challenging new charges, that

18   you can't challenge those until you see what they are.  But,

19   your fundamental problem with the case that is pending now

20   and the fact that you told me that on its face it doesn't

21   state a crime and that it was improper, can you go ahead and

22   brief that yet?

23             MR. DOWNING:  I don't know what the indictment is

24   going to be by next week or the week after, until we get the

25   additional indictment that's going to supersede it.  That

1    doesn't make any sense.

2            THE COURT:  All right.  Let's just -- you know, my

3    problem is that we're all just going to end up being so

4    backed up.

5            MR. DOWNING:  Right.  What we'll commit to, to the

6    extent there aren't major changes, we can get those motions

7    filed right away.  I don't have a problem with that.  But I

8    really don't understand --

9            MR. WEISMANN:  Judge, could I just say that as the

10   Court knows and as counsel knows, our view with respect to

11   the civil action that's now before the Court is that that

12   was -- should properly be a motion in a criminal case.

13   There is nothing about the superseding indictment that they

14   would seek -- that would in any way change the legal issues

15   that were raised in that civil case --

16           THE COURT:  Well, I think they had to -- they had

17   substantive issues related to the charges, in addition to

18   the overall concern about the legitimacy of the

19   investigation, and rather than having two motions and two

20   oppositions and two replies, it probably does make sense to

21   see what the indictment is before you move to dismiss it.

22   So that makes sense to me.  And I think we can have a phone

23   conference if and when there's a superseding indictment and

24   set a schedule.

25           MR. DOWNING:  When it is appropriate.

1          THE COURT:  All right.  That makes sense to me.

2     All right.  Thank you.

3          (Open court:)

4          THE COURT:  All right.  At this point I'm going to

5     close the courtroom to everyone but the government and Mr.

6     Manafort and Mr. Manafort's counsel, after which I will take

7     up a proceeding involving Mr. Gates and Mr. Gates's counsel,

8     for which I don't know that I will need the United States,

9     although I may want to hear from you at the beginning and

10    then excuse you.

11         So let's start with the Manafort matter.  And

12    Mr. -- if the Gates people can hover, so that we can just

13    roll into that next.









































46





















































CERTIFICATE OF OFFICIAL COURT REPORTER

          I, JANICE DICKMAN, do hereby certify that the above
and foregoing constitutes a true and accurate transcript of
my stenograph notes and is a full, true and complete
transcript of the proceedings to the best of my ability.

                    Dated this 22nd day of February, 2018.




                    /s/_____

                    Janice E. Dickman, CRR, RMR
                    Official Court Reporter
                    Room 6523
                    333 Constitution Avenue NW
                    Washington, D.C. 20001