UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD W. GATES III, | ) | Crim. No. 17-201-2 (ABJ) |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RICHARD W. GATES III'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE**

Richard W. Gates III, by and through counsel, respectfully requests this Court to modify his conditions of release. Mr. Gates asks the Court to (1) remove the requirement that he be subject to electronic GPS monitoring, (2) eliminate his curfew from 11:00pm – 7:00am, and (3) expand the geographic area of travel for Mr. Gates to include the Eastern District of Virginia and Washington, D.C. The Special Counsel has considered our request for these modifications and has authorized the undersigned to represent that the Office does not oppose this motion.

Mr. Gates will continue to comply with his present obligations to report in person weekly to Pre-Trial Services and to allow monthly inspections of his home. If the Court believes that some additional restrictions are necessary to insure Mr. Gates' attendance in Court, we suggest that he be obliged to check-in weekly with Pre-Trial Services from his home using his home telephone landline.

Mr. Gates' conduct in pleading guilty and fulfilling the terms of his cooperation agreement are part of the process he willingly embarked on to effect a course change in his life. He understands that he will be sentenced by this Court, and he is committed to standing before this Court to receive that sentence. He wishes the undersigned to affirm for him and to state without hesitation that he is prepared to receive the Court's sentence on whatever day it is

imposed.  His acknowledgment of his guilt, and his record of continuing cooperation throughout this entire process, as well as his stated commitment to appear for sentencing, are the underpinning for this motion and for the instant requests for modification of his conditions of release.

The plea agreement contains very serious consequences for Mr. Gates should he violate any of its terms or conditions.  The advantages that attach to strict compliance with that agreement, and the extraordinary disincentives to violating that agreement, alone guarantee Mr. Gates's appearance at any scheduled Court proceeding.  Over a substantial period of time, now approaching one year, Mr. Gates has demonstrated his resolve to comply with all conditions of his release.  Removing the GPS monitor and allowing Mr. Gates to travel within the Eastern District of Virginia and District of Columbia without restriction will surely not increase the risk of flight or make it less likely that Mr. Gates will appear in Court when required to do so.  On a much more personal note, removing the GPS monitor will contribute to the process of healing in the Gates household which is on-going.

Following his release on conditions imposed by the Court, and during the weeks preceding the entry of his plea of guilty, Mr. Gates began a period of active cooperation with the Office of Special Counsel.  Both before the entry of the plea, and for many weeks thereafter, Mr. Gates, whenever requested, traveled to Washington, D.C., to appear at the Office of Special Counsel to be interviewed as part of his cooperation agreement.  Those sessions have been numerous and they continue to this day.  All of Mr. Gates' effort was undertaken in strict compliance with his release conditions, which the Court has previously modified to facilitate his travel to meet with counsel and to attend the many debriefing sessions with the Special Counsel without securing advance permission.

These meetings with the Office of Special Counsel continued during the weeks preceding the trial of co-defendant Paul Manafort in the United States District Court for the Eastern District of Virginia.  Mr. Gates testified at that trial, during which he acknowledged his own misconduct and his pending sentencing by this Court.  That process was especially painful for Mr. Gates, and much of that pain was anticipated as he took the stand to testify.  But that was part of his bargain with the government, and he accepted the consequences.  Following that trial, Mr. Gates has continued to cooperate with the Special Counsel and with other federal investigators by attending current meetings at which he provides additional information.  In short, Mr. Gates has been a model cooperating witness—making himself available to federal authorities whenever they have requested his assistance.  For these many reasons we believe this Court can conclude with confidence that Mr. Gates will appear at every call of court and that he is deserving of the relief requested herein.

WHEREFORE, Mr. Gates hereby respectfully moves this Court to modify his conditions of release to remove the electronic GPS monitoring requirement and eliminate his curfew and the restrictions on his geographical travel area as outlined in this motion. A draft order is attached.

Respectfully submitted,

*/s/Thomas C. Green*
Thomas C. Green
D.C. Bar No. 14498
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
tcgreen@sidley.com
(202) 736-8069 (telephone)
(202) 736-8711 (fax)

*Attorney for Richard W. Gates III*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**  )  <br>                                               )  <br>           **v.**                            )  <br>                                               )  <br>**RICHARD W. GATES III,**     )  <br>                                               )  <br>         **Defendant.**             ) | **Crim. No. 17-201-2 (ABJ)** |

**ORDER**

Upon consideration of Defendant Richard W. Gates III's Unopposed Motion to Modify Conditions of Release, and finding good cause shown, it is this ___ day of October, 2018, hereby

ORDERED, that the motion is GRANTED.

_____
AMY BERMAN JACKSON
UNITED STATES DISTRICT JUDGE