UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD W. GATES III, | )   Crim. No. 17-201-2 (ABJ) |
| | ) |
| Defendant. | ) |

## DEFENDANT RICHARD W. GATES III'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF PROBATION

Richard W. Gates III, by and through counsel, respectfully requests that this Court modify the conditions of his probation under 18 U.S.C. § 3563(c) and Federal Rule of Criminal Procedure 32.1(c). For the reasons stated below, Mr. Gates asks that the Court modify the conditions due to a "change in circumstances" since his sentencing on December 17, 2019. *United States v. BAE Sys. PLC*, Crim. No. 10-035(JDB), 2010 WL 2293412, at *1 (D.D.C. Jun. 4, 2010).

The U.S. Attorney for the District of Columbia has reviewed the instant request for modification of the condition on Mr. Gates's probation and has authorized the undersigned to represent that the Office does not oppose this motion. Therefore, a hearing is not required on this motion under Federal Rule of Criminal Procedure 32.1(c)(2)(B)-(C). Accordingly, Mr. Gates respectfully moves the Court to modify the conditions of his probation by converting his remaining period of intermittent confinement to a period of intermittent home confinement.

## BACKGROUND

Mr. Gates was indicted on October 27, 2017, and he pleaded guilty to two counts on February 23, 2018. *See* Dkt. 13 (Indictment); Dkt. 205 (Plea Agreement). After Mr. Gates extensively cooperated with the Office of Special Counsel in several of its investigations, this

Court sentenced Mr. Gates on December 17, 2019, and entered its judgment on December 20, 2019.  *See* Dkt. 605.  The Court sentenced Mr. Gates to three years' probation with a condition that he serve forty-five days of intermittent confinement.  *See id.* at 2.[1]

## ARGUMENT

Under 18 U.S.C. § 3563(c) and Federal Rule of Criminal Procedure 32.1(c), the Court may modify the conditions of a defendant's probation, including a period of intermittent custody during probation under § 3563(b)(10).  The Court has discretion to modify a condition of probation, including for a "change in circumstances."  *BAE Sys. PLC*, 2010 WL 2293412 at *1.

Circumstances have changed significantly since Mr. Gates's sentencing date in December 2019, the same month that a global pandemic began on the other side of the world.  According to the United States Centers for Disease Control ("CDC"), a novel coronavirus that causes respiratory disease ("COVID-19") emerged from the city of Wuhan in Hubei Province, China, in December, 2019.  Since then, it has affected over 2.1 million individuals around the world, including more than 661,000 in the United States.[2]  The World Health Organization declared the coronavirus to be a pandemic on March 11, 2020.[3]  Global travel and commerce have been interrupted; domestically, states and localities are increasingly ordering citizens to remain in their homes except for essential needs, such as medical care.[4]  On March 30, 2020, Governor

---

[1] For information on the scheduling of this intermittent confinement, see Exhibit 1 and Exhibit 2.

[2] *See* Centers for Disease Control, *Cases of Coronavirus Disease (COVID-19) in the U.S.*, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated April 17, 2020).

[3] *See* https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020.

[4] *See* Sarah Mervosh, Denise Lu, & Vanessa Swales, *See Which States and Cities Have Told Residents to Stay at Home*, N.Y. Times,

Ralph Northam issued such an order for the Commonwealth of Virginia, which is where Mr. Gates resides.[5]  Mr. Gates must now provide additional care for his family for the foreseeable future while his wife continues her treatment for and recovery from cancer.

The massive societal disruptions caused by this pandemic are tragic, and the burdens they have placed on Mr. Gates and his family warrant a modification of the condition on his probation.  Congress recognized the severity of the pandemic's potential spread in jails in the $2.2 trillion stimulus bill signed into law by President Trump on March 27.  The CARES Act authorized the Department of Justice and the Bureau of Prisons to increase "the maximum amount of time for which" a prisoner may be released into "home confinement" under 18 U.S.C. § 3624(c)(2)'s provision for early release of a prisoner.  *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. Law 116-136, § 12003(b)(2) (2020).

The gravity of the virus and its potential impact on Mrs. Gates are substantial.  If Mr. Gates were to return to his home carrying the virus, it could create serious ramifications for his wife.  Due to her cancer treatment, her immune system is compromised, placing her at heightened risk for serious side effects or worse if she were to be infected with the coronavirus.[6]  Aside from matters of health, the pandemic has created additional pressures on the family.

---

https://www.nytimes.com/interactive/2020/us/coronavirus-stay-at-home-order.html (last updated Apr. 7, 2020).

[5] *See* Commonwealth of Virginia, Office of the Governor, Exec. Order No. Fifty-Five (Mar. 30, 2020), https://www.governor.virginia.gov/media/governorvirginiagov/executive-actions/EO-55-Temporary-Stay-at-Home-Order-Due-to-Novel-Coronavirus-(COVID-19).pdf.

[6] *See* Exhibit 3 (letter from Mrs. Gates's doctor); *see also* Centers for Disease Control, *People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html (last visited Apr. 17, 2020) (listing "people who are immunocompromised" including from "cancer treatment," as those at high risk of suffering "severe illness from COVID-19").

These additional duties have made it more difficult to seek out and secure long-term employment.

The threat from the coronavirus pandemic is sure to linger for many months.  Even if the President's desire to see limitations on public gatherings lifted by early May 2020 becomes reality, no return to normal public life will guarantee that the risk of exposure to the virus has been eliminated.

Mr. Gates's increased responsibilities at home in response to a global pandemic are changed circumstances that warrant modification of the condition on his probation.  Accordingly, he respectfully asks the Court to modify the remaining period of intermittent confinement to impose a period of intermittent home confinement to be scheduled in coordination with the United States Probation Office (with exceptions to transport his wife or children for any emergency medical care) for the duration of the condition.

## CONCLUSION

WHEREFORE, Mr. Gates respectfully moves the Court to modify the conditions of his probation by converting the required period of intermittent confinement to a period of home confinement.  A draft order is attached.

Respectfully submitted,

*/s/Thomas C. Green*
Thomas C. Green
D.C. Bar No. 14498
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
tcgreen@sidley.com
(202) 736-8069 (telephone)
(202) 736-8711 (fax)

*Attorney for Richard W. Gates III*

4

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **RICHARD W. GATES III,** ) | Crim. No. 17-201-2 (ABJ) |
| ) | |
| **Defendant.** ) | |

**ORDER**

Upon consideration of Defendant Richard W. Gates III's Unopposed Motion to Modify Conditions of Probation, and finding good cause shown, it is this ___ day of April, 2020, hereby

ORDERED, that the motion is GRANTED.

_____
AMY BERMAN JACKSON
UNITED STATES DISTRICT JUDGE